[No. 121.  Decided February 24, 1891.]
HENRY H. CLINE v. J. A. BURRICHTER & CO.

*Appeal from Superior Court, Pierce County.*

*John C. Stallcup*, and *Joseph Sessions*, for appellant.

*Thad. Huston*, and *Marshall K. Snell*, for appellees.

<hr/>

[No. 122.  Decided February 25, 1891.]
DEXTER HORTON & CO., *Bankers*, v. J. M. SPARKMAN, D. A. McDONALD, WILLIAM RIECHERS, WILLIAM KEMERY, AND W. B. MORRIS.

LIENS — MANUFACTURING LUMBER — NOTICE — DESCRIPTION —
VERIFICATION — DEFAULT — JUDGMENT.

A notice of claim of lien "for labor performed in manufacturing lumber," which describes the lumber as "being about 100,000 feet which was manufactured in Kitsap county, Washington state, and which is marked thus ——, and is now lying at the saw-mill owned by said Builders' Material Co. in Kitsap Co., the same being the place where said lumber was manufactured, and situated about two miles south of Port Blakely, on Puget Sound," complies with the statute giving a lien for "manufacturing saw-logs into lumber," and requiring a description of the property "sufficient for identification with reasonable certainty."

The lien given by statute is personal to the laborer; and where the laborer combines with his own claim one assigned him by another laborer, he loses all right to take benefit of the foreclosure.

No lien is given by statute for the manufacture of shingles, and where the notice is for manufacturing lumber and shingles, without showing how much is due for labor on the lumber and how much on the shingles, the whole lien fails.

Where a claim of lien is verified by another than the claimant, a verification to the effect that he believes it to be true is sufficient.

Where plaintiffs allege in their complaint that they had filed a lien upon certain lumber and shingles, but the copies of liens forming part of the complaint show that liens were not claimed upon the shingles, the answer of defendant specifically denying all the allegations of the complaint, and setting up as a new defense that the shingles were cut and sawed from shingle bolts made by other parties than the plaintiffs, to which plaintiffs file no reply, does not entitle defendant to judgment on the pleadings.

*It is error to render judgment against a party who makes default before the default has been entered.*

Although the owner of the lumber and shingles may have made default, the holder of a chattel mortgage thereon, impleaded as defendant, who has answered denying all the plaintiffs' allegations, is entitled to a trial.

A judgment awarding liens on the shingles not mentioned in the claim of lien is erroneous.

## Appeal from Superior Court, Kitsap County.

Action by J. M. Sparkman and others to foreclose liens on certain lumber and shingles, the property of the Builders' Material Company. Dexter Horton & Co., bankers, are made defendants, because they hold a chattel mortgage on said lumber and shingles, which plaintiffs claim is subject to their rights therein.

*McGilvra, Blaine & De Vries,* for appellant.

The description in the notice of. lien is not sufficient ьo identify with reasonable certainty the property to be charged with the lien. *Wheeler v. Port Blakely Mill Co.,* 2 Wash. T. 71; *Washburn v. Russel,* 1 Pa. St. 499. The lien notice of Wm. Kemery includes labor other than his

personal labor, and for which he can claim no lien. Such works a corruption of his whole claim. 2 Jones, Liens, §§ 724, 1413; *Wheeler v. Port Blakely Mill Co.*, 2 Wash. T. 71; *Mohr v. Clark*, 3 Wash. T. 440; *Stubbs v. Railroad Co.*, 65 Iowa, 513; *Quimby v. Hazen*, 54 Vt. 132; *Hoffman v. Walton*, 36 Mo. 613.

*I. A. Murchison*, for appellees.

The opinion of the court was delivered by

Stiles, J. — Five plaintiffs — J. M. Sparkman, D. A. McDonald, William Riechers, William Kemery, and W. B. Morris — joined in an action to foreclose laborers' liens on certain lumber and shingles, situated at the saw-mill of the Builders' Material Company, in Kitsap county. The Builders' Material Company was made a party to the action, and was served with process, but it made no appearance. Dexter Horton & Co., bankers, a corporation, appeared, and demurred to the complaint and each of the separate causes of action therein stated, on the ground that no cause of action was stated. Copies of the several liens were annexed to and made a part of the complaint. The action was brought under § 1947 of the code. Each of the liens was in substantially the following form:

"Notice is hereby given that ———— ————, of Kitsap county, Washington state, claims a lien upon all lumber, being about 100,000 feet, which was manufactured in Kitsap county, Washington state, and which is marked thus ————; and is now lying at the saw-mill owned by said Builders' Material Co., in Kitsap Co., the same being the place where said lumber was manufactured, and situated about two miles south of Port Blakely, on Puget Sound, for labor performed upon and assistance rendered in manufacturing lumber." (Other clauses followed.)

We are of the opinion that this description was sufficient, as against the objection of appellants that the place was

not sufficiently located, that the lumber had no marks, and that it is not stated that the logs were manufactured into lumber. It is not usual, we think, to mark lumber; and, as the lien can only be taken upon lumber while still at the mill, it must be left to the proofs to show labor on the lumber upon which it is proposed to establish the lien. Of necessity liens of this class must be less definite than those upon real property, or no effect could be given to the statute. A mill which is "about two miles south of Port Blakely, on Puget Sound," ought to be easily found. That one who manufactures lumber manufactures it out of logs would seem to be so nearly a violent presumption that it would not be necessary to say it in more abundant language than that used.

The notice of William Kemery alleged his own claim of $32.50, with an offset of $20.80; and it also alleged that the Builders' Material Company was indebted to G. M. Kemery in the sum of $51.25, with an offset of $33.42, which indebtedness had been assigned to claimant. William Kemery claimed a lien for both balances in the gross sum of $29.63. This he could not do. The lien given by statute is personal to the laborer; it does not run with the chose in action. Having perfected his lien, and thus entitled himself to the equity, an assignment of the debt might entitle the holder to the enforcement of the security thus obtained. There has been much discussion and diversity of opinion among courts and writers on this subject of the assignment of claims and the right of assignees to perfect liens to secure them; but we think the rule announced is the better one under our present statute. Having confused the two demands, plaintiff failed to comply with the statute, and lost all right to take benefit of the foreclosure.

The lien of J. M. Sparkman was like the others, excepting it was for labor in manufacturing the 100,000 feet of lumber and 300,000 shingles, at wages of $3 per day for

thirty-three days. No lien is given by statute for the manufacture of shingles unless we hold that shingles are included in the term "lumber." We do not think the statute was intended to cover such an interpretation. It gives a lien only to those persons who labor upon or assist in "manufacturing saw-logs into lumber," which, we take it, means the grosser operation of converting logs into timbers, planks and boards. There could, therefore, be no lien for such part of the plaintiff's labor as was applied to making shingles, and as there was in the claim nothing to show how much was due for labor on the lumber and how much on the shingles, the whole lien failed.

The claim of W. B. Morris was verified by P. A. Ellsworth, to the effect that he believed it to be true. The statute seems to require no statement by the person verifying an instrument of this kind for another of the facts upon which he bases his belief, and lays down a form which may be used. We think the verification was sufficient.

The appellant, after the overruling of its demurrer, in the court below, filed an answer specifically denying the allegations of each cause of action stated in the complaint, and setting up that the shingles made by the Builders' Material Company were cut and sawed from shingle bolts made by other parties than the plaintiffs. The plaintiffs filed no reply to the new matter, and defendant moved for judgment on the pleadings. The court denied the motion, and, we think, properly, except as to the claim of Sparkman. It is true that in his complaint, each of the plaintiffs alleged that he had filed a lien upon all the lumber and shingles at the mill, but the copy of his lien, filed as a part of the complaint, showed how far this was untrue; and, in the absence of any motion to correct the pleadings, that part referring to shingles was to be disregarded on a motion for judgment.

Immediately upon the disposal of the defendant's motion

for judgment, the court, without setting the cause for trial, or hearing any proofs, and before any default of the Builders' Material Company had been entered, examined the plaintiffs' liens, and entered up judgment against the Builders' Material Company for the full amounts claimed, decreeing the lumber and shingles to be sold. This was error. The default of the Builders' Material Company should have been entered before any judgment was rendered against it. And the defendants, Dexter Horton & Co., bankers, having answered, denying all the plaintiffs' allegations, had a right to have the case set down for trial regularly, to cross-examine witnesses, and to contest the sufficiency of the proofs.

The judgment was also erroneous in that it awarded liens to all the plaintiffs upon the shingles, whereas only the lien of Sparkman mentioned shingles. The judgment is therefore reversed, with instructions to the court below to sustain the demurrer to and dismiss the complaints of William Kemery and J. M. Sparkman, and to set down for trial and try the cause involving the other parties. Costs to appellant.

ANDERS, C. J., and DUNBAR, J., concur.

HOYT and SCOTT, JJ., not sitting.