[No. 688.   Decided April 13, 1893.]

W. F. WHITTIER, WILLIAM FULLER, F. N. WOOD AND
C. M. PLUMMER, *co-partners as* WHITTIER, FULLER &
Co., *Appellants*, v. STETSON & POST MILL COMPANY *et
al.*, *Appellants*, AND ROBERT ABRAMS *et al.*, *Respondents.*

MECHANICS' LIENS — DESCRIPTION — MISTAKE IN AMOUNT OF
CLAIM — REMITTING EXCESS.

A lien notice which describes the property as "all of lot 5 in
block 9  .  .  '.   except the west 20 feet of said lot; and that
said building is known as the Brodek-Schlessinger building, and is
on the northwest corner of Third and Washington streets, in said
city," is insufficient to create a valid lien, when the building also
covers, in addition to the tract specified, the south half of lot 6.

Where the owners of adjoining parcels of land jointly construct
buildings thereon under contract with the same contractors, and a
lien is claimed for glass furnished both buildings by a sub-con-
tractor, who understands that the whole structure is being built by
B. & S., while in fact one N. is the owner of a portion thereof, but
the claim of lien as made out by his attorneys correctly describes
the B. & S. property, and by mistake seeks to charge the same with
the glass furnished for N.'s portion, the mistake may, on the trial,
be rectified by remitting the excessive claim.   (DUNBAR, C. J., dis-
sents.)

*Appeal from Superior Court, King County.*

*Turner & McCutcheon*, for appellants W. C. Stetson and
Stetson & Post Mill Co.; *Preston, Carr & Preston*, and *W.
R. Bell*, for appellants Whittier, Fuller & Co.

*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

STILES, J. — The respondents Brodek and Schlessinger
and one Nugent planned the erection of a building upon
land at the northwest corner of South Third and Washing-
ton streets, in the city of Seattle.   The land embraced lot

5, block 9, in D. S. Maynard's plat, which formed the street corner and fronted sixty feet on South Third street, and 108 feet upon Washington street, and the south half of lot 6, fronting thirty feet on South Third street, and having the same depth as lot 5. The building was thus to be a parallelogram, 90 by 108 feet in size. Of this area said respondents had a lease of all but the west twenty feet of lot 5—a parallelogram of 20 by 60 feet—which was the property of Nugent. The building erected was, on the outside, apparently one building, but, as originally planned, partition walls ran up from the basement to the roof in such a manner as to completely separate the two ownerships. While the plans were in this condition each owner let a contract with builders, Farnum and others, for the erection of his own portion of the building, but subsequently, and before the materials furnished by Whittier, Fuller & Co. were supplied, the several owners and the contractors modified their plans so that the separate character of the two buildings was largely taken away; that is, they removed the basement partition entirely excepting at the rear of Nugent's part; and instead of a brick party wall between the upper rooms a lath and plaster wall was substituted. To guide the contractors and to carry out their new understanding, the owners caused the architect to draw a new set of floor plans which were signed by all parties, and to be attached to the original plans and specifications, after which the building progressed to completion.

The appellants filed lien claims for labor and materials furnished for the Brodek and Schlessinger part of the building only, and this appeal is prosecuted from a judgment dismissing their several complaints in actions for foreclosures. The nature of the cases requires their separate examination and determination.

1. In the matter of the liens of the Stetson & Post Mill Co. and W. C. Stetson, but one point need be noticed.

The lien claims of these appellants described the property as follows:

"All of lot 5 in block 9 of D. S. Maynard's plat of the town (now city) of Seattle, except the west 20 feet of said lot; and that said building is known as the Brodek-Schlessinger building, and is on the northwest corner of Third and Washington streets, in said city, King county, State of Washington."

This claim, it will be observed, located the building correctly, and it excluded Nugent's part; but it did not include within the description of the land sought to be charged the south half of lot 6, which the Brodek-Schlessinger part actually occupied.

The statute requires that the lien claim shall contain a description of the property to be charged with the lien "sufficient for identification." Gen. Stat., § 1667. And so far as the claim is concerned, no property could be identified with more certainty to a reader of the record copy. It is lot 5, block 9, Maynard's plat, excepting the west 20 feet of the lot. But the difficulty which the court below found to be insurmountable was, that when the evidence was in it was found that the building covered an additional distinct parcel of land upon which no claim had been filed at all, viz., the south half of lot 6. Appellants see the force of this proposition, and claim to be relieved by the reference to the name of the building and its location at the northwest corner of the two streets. It is said in the lien claim that this building is known as the "Brodek-Schlessinger building," and to such persons as might have seen it and have been familiar with the locality that would undoubtedly be a sufficient identification, although unless they were also acquainted with the separate ownership of Nugent it would not have informed them that under the same roof, and without any apparent distinction of title, there were, in fact, two buildings, upon one of which no

lien was claimed.   It may be doubted, however, whether a mere private building can be said to be fully identified by giving to it the name of its owners.   Private buildings are not generally so identified or spoken of, and particularly when it comes to conveyances, incumbrances and the like.   The name helps to identify, doubtless; but the name does not individualize such property, as names do in the case of mining claims, for instance, which ordinarily depend upon nothing but their names for identification.

*Tredinnick v. Mining Co.*, 72 Cal. 78 (13 Pac. Rep. 152), was a case where a lien was properly sustained upon the ''Red Cloud Mine, situated in the Bodie mining district, Bodie township, in Mono county.''   The inception of a mining title is usually by means of a location notice, in which the name is the most prominent feature, and all conveyances follow by the name only.   A public record, in that case, identified the property in the first place; but there is no such record of buildings.

The location at the corner of the streets also helps to identify, and we do not desire to be understood as holding that such a description, without any designation of a lot or block, would not be a sufficient identification if the quantity of land were also· identified, as for example, if the size of the building on the ground were stated.

In *De Witt v. Smith*, 63 Mo. 263, the description was of ''lots 19 and 20, in block 2, in Ashburn's addition to Kansas City,'' and the corner of the street was given.   But in fact the block was not block 2, but block 20.   Under the facts the clerical error in omitting a figure was held not to invalidate the lien.   In *Caldwell v. Asbury*, 29 Ind. 451, the case was something like this one, for the description was ''house and lot on the southwest corner of Fourth and Oak streets.''   A foreclosure upon one lot was sustained, although it was held that the claim was not sufficient to

13—6 WASH.

sustain a complaint against two lots.    It does not appear that the house actually occupied a part of the second lot.

But in *Willamette S. M. Co. v. Kremer*, 94 Cal. 205 (29 Pac. Rep. 633), under a statute like ours, in substance, the description was "lot 6, in block 28, of the Heber tract, at the northeast corner of Hope and Eighth streets;" and although the building extended over onto lot 7, the lien was sustained.

In *De Witt v. Smith*, *supra*, there was something upon the record which would have served to warn any one, even though he did not know of the existence of a house, viz., the plat of the addition, at a certain street corner on which the building was said to have been erected.    Unless, in that case blocks 2 and 20 cornered at the same street intersection, it would not be likely that a searcher of the record would be deceived.    But in *Willamette S. M. Co. v. Kremer*, *supra*, the court, upon the theory of liberal construction, and that the owner was not misled, and regarding the statute as authorizing a lien upon the "property," which it interpreted to be the house, sustained the lien, although no mention was made in the claim of lot 7.

This court has held that a lien upon a building is ineffectual unless the land, or some interest therein, be included in it.    *Kellogg v. Littell & Smyth Mnfg. Co.*, 1 Wash. 407 (25 Pac. Rep. 461).

Phillips on Mechanics' Liens says, § 379:

"The best rule to be adopted is, that if there appears enough in the description to enable a party familiar with the locality to identify ·the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient."

The claim in this case fully meets this requirement, but the trouble with it, and with the rule as applied to it is, as we think, that its very exactness tended to mislead the public.

The lien claimant is not required to give the owner any notice whatever; if he were, it would take very little in any case to satisfy the law.    But he is required to make a record of his claim, and the only purpose of such a record must be to give constructive notice to third persons, and not only to those who may have been familiar with the premises during and since the erection of the building, but also to those who may never have seen the premises as well as those who were familiar with them only before the building was erected.    As to all such persons it may be admitted that it would be entirely sufficient to simply name the Brodek-Schlessinger building, on the corner of South Third and Washington streets.

But to the last two classes that description added to the designation of lot 5, block 9, would be a complete trap, in case they should become purchasers during the life of the lien.    A more sensible and effectual administration of this law could be had if there were some provision by which a claim in such a case could be amended where no one could be injured by it; but we must take the statute as we find it, and in this case neither the actual building nor the land having been described the liens must fail.

2.  Whittier, Fuller & Co. furnished all the glass for the building erected by Brodek and Schlessinger and Nugent, jointly.    This they did under a sub-contract with one Pierson, who had a sub-contract from the principal contractors for all the glass work.    Their agent was misled into supposing that the entire building was owned by Brodek and Schlessinger, by hearing it spoken of as the Brodek-Schlessinger building, and by the fact that Pierson had but one contract for all of the glass work.    But their counsel, whom they employed to prepare and file their claim, were aware, through knowledge acquired otherwise, that the Brodek-Schlessinger building proper did not include Nugent's part, so that from the memoranda furnished

them of glass sold for and used in the Brodek-Schlessinger
building, they prepared, and, after verification, filed a claim
for the whole amount of the glass, which correctly described.
the Brodek-Schlessinger building and the land upon which
it stood.    Their lien claim, therefore, covered glass which
was not used in the part of the building described, but was
used in Nugent's part, a fact which was not discovered
until the trial of the action, when the true state of the
matter appeared.    Upon this the plaintiffs showed very
clearly just what glass had, as a matter of fact, been used
in the two portions of the building, and asked that they be
allowed to remit from their claim the value of the glass
used in Nugent's part, and to have a decree for the bal-
ance.    The whole claim amounted to $1,589.39, and the
sum proposed to be remitted was about $150.

The court, upon the ground that the glass used in Nu-
gent's part of the building was a non-lienable item, refused
to allow the remission, and upon the authority of *Dexter
Horton & Co. v. Sparkman*, and *Same v. Wiley*, 2 Wash.
165, 171 (25 Pac. Rep. 1070, 1071), sustained an objec-
tion to the claim.

In the first case referred to Kemery filed a claim for a
debt due another person and assigned to him, for which he
could have no lien under the law.    Sparkman claimed a
lien for labor on lumber and shingles at wages of $3 per
day.    In the other case liens upon lumber and shingles
were confused in the same way.    In none of the shingle
cases was it possible to determine, either from the lien
claims or the evidence, how much was properly a lien upon
the lumber.    The rule laid down in these cases went no fur-
ther than to declare that a demand for which the law gives
no lien cannot be confused with one which is lienable with-
out vitiating the whole.    The law imputes notice to every
one of its terms, and when a claim is asserted for a lien to
secure a demand for which no lien is allowed, the act is

presumed to be an advised attempt to take an unlawful advantage of the statute.  But it is not so where mere mistakes or inadvertences cause items otherwise lienable to be included in a claim.  A fraudulent practice of that kind would render, and many times has rendered, a claim worthless; but there must be either a gross excess of demand over just claim or actual fraud to accomplish that result.

This glass was all lienable.  The several owners of the building, by their conduct in making practically one structure of it, opened the way to any one furnishing materials, which were distributed about and used indiscriminately by the contractors, to claim a lien on the whole of it, leaving the owners to settle proportions between themselves.  At least it would so seem, although the point is not necessarily in the case for decision.  On the other hand, appellants having, as they supposed, furnished glass for the entire building as the property of Brodek and Schlessinger, no less furnished it for the part of the building which actually belonged to Brodek and Schlessinger to the extent they could identify it as having been so used therein.

In the same manner they could have a separate lien upon the Nugent building for the glass which they could identify as having been used in it.  Now by the most natural mistake between them and their attorney, when they came to make out their claim they, without any fraud, or attempt to overreach, included the Nugent glass in their claim, a mistake which they voluntarily offered and asked to rectify at the first opportunity after it was discovered.  By all means we think they should have been permitted to make the correction.

Upon another ground objection was sustained to this lien claim, viz., insufficiency of description.  The land is described twice, and in the first description, on the first page of the claim, it is made to read: "The south one-half

of the lot No. 6 of block No. 9, and the easterly eighty-eight (88) of lot No. 5 in said block No. 9." Obviously a clerical error caused the word "feet" to be omitted after the word "eighty-eight," and this was held to make the whole description bad. The lien is a very long one, and it may be that that fact caused both court and counsel to overlook the fact that on the last page the description is repeated with the word "feet" included; which makes it unnecessary to consider the arguments offered upon that point. Other objections we regard as entirely technical and insufficient. Separate notice of each would render this already lengthy opinion much more so.

The judgment is affirmed, except as to the claim of Whittier, Fuller & Co., who will take a reversal. The cause is remanded to the superior court for a re-trial of the case as to their claim, in accordance with the law as herein held.

HOYT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—Lack of time prevents me from entering into an extended discussion of this case, but, briefly stated, I am unable to distinguish the case of *Whittier, Fuller & Co.* from the case of *Dexter Horton & Co., Bankers, v. Sparkman,* 2 Wash. 165 (25 Pac. Rep. 1070). It makes no difference in principle that the lien in that case was filed on material that the law does not allow a lien on, for the law will not under any circumstances allow a lien on one man's house for material which goes to another man's house, and the material is as much non-lienable under the statute, for the purposes of this case, as though it were *absolutely* non-lienable. I do not think the fact that the same contractor built the two houses, or that the two houses were built with a joint partition wall, affects the case at all. They were two separate contracts, and it devolves upon the material man when he seeks to charge a

third man's property with a debt due from the contractor, to definitely inform himself as to where the material is used. I think the trial court was justified, under the former rulings of this court, and under the law, in holding that appellants had no lien against respondent's property, and the judgment ought to be affirmed.

SCOTT, J., dissents.