[No. 757.  Decided May 10, 1893.]

GEORGE OVERBECK et al., *Respondents*, v. G. M. CALLI-GAN, *Defendant*, AND TACOMA MILL COMPANY, *Appellant*.

LOGS AND LOGGING — LIENS — SUFFICIENCY OF CLAIM — TIME OF FILING — ENFORCEMENT — VENUE.

Under the provision of §1679, Gen. Stat., that every person performing labor upon, or who shall assist in obtaining or securing saw logs, shall have a lien therefor, a notice of lien that alleges that the claim is for labor performed upon, and assistance rendered in preparing and securing certain saw logs, is sufficiently definite.

The thirty days' limitation for the filing of liens for labor in securing saw logs does not begin to run from the time such logs are rafted into booms, but from the time the services rendered in securing the logs ends.

An action to foreclose a logger's lien is properly brought in the county where the logs were cut and the lien notice filed, regardless of the fact that the logs are in another county.  (HOYT and STILES, JJ., dissent.)

*Appeal from Superior Court, Island County.*

*Crowley & Sullivan*, and *W. C. Sharpstein*, for appellant.

*Fremont Cole*, and *Joseph H. Dawes*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—We are unable to recognize the force of appellant's contention, that the claimants have failed to comply with the statutes in that the terms and conditions of their respective contracts are not stated in the lien claims, or that the services rendered are not sufficiently set forth. If, as the appellant asserts in its brief, the lien notices simply stated that the services were rendered in cutting, sawing and preparing logs, or in cutting, securing or preparing logs, there might possibly be some force in the claim that the allegations of the lien notice are not sustained by the evidence, but the lien notice does not restrict the work to cutting, sawing or preparing, or to cutting, securing and preparing, but in each instance it alleges that the claim is for labor performed upon and assistance rendered in preparing and securing, etc. This, we think, is an intelligent compliance with the statute. The statute says that every person performing labor upon or who shall assist in the obtaining or securing of saw logs, etc., has a lien upon the same for the work or labor done in obtaining or securing the same.

If this description is not definite enough, what rule of definiteness must we adopt? If we require the claimants to go further into particulars than these claimants have gone, then logically we must require each claimant to state whether he used an ax or a saw or a canthook, and if all three, what portion of the time he was engaged in all the different, multifarious employments around the logging camp. This would be an absolutely useless requirement.

The statute provides that the cook of the logging camp shall be regarded as a person who assists in obtaining or securing the timber, but we do not understand that the cook in filing his lien must state that he was employed as a cook, but that his allegation of services rendered in preparing and securing the logs is sufficient, but when he states that he was employed to render assistance in securing the logs, with the amount that he is to receive, that he has sufficiently stated his contract, and if he proves that he was cooking in a logging camp, the language of the statute is simply a declaration that such services fall within the general provisions of labor performed upon and assistance rendered in cutting, sawing, securing, etc.

The business of carrying on a logging camp is a dependent business. It requires many different kinds of work, more or less distinct, it is true, in their character, but all tending towards a consummation of one object, viz., securing the logs prepared for market. So far as notice to purchasers is concerned they would not be assisted in any particular by a technical description of the work performed.

Appellant quotes at some length from the opinion of this court in *Warren v. Quade*, 3 Wash. 750 (29 Pac. Rep. 827), which was a case of a lien for materials furnished. The construction there given was a construction of another statute, but even presuming it to be the same, what was decided in that case was, that the terms and conditions of contract set forth in a claim of lien should include a sufficient description of the materials furnished or work done to enable the owner to intelligently determine as to the *bona fides* of such contract, and the reasonableness thereof. Taking that decision for a guide here we think the description of the labor performed and the terms of the contract are sufficient.

A more troublesome question is raised by the assertion

of appellant that several claims are mingled in a lump charge in each of these claims, for one of which the claimant is not entitled to a lien, and that, under the authority of *Dexter Horton & Co. v. Sparkman*, 2 Wash. 166 (25 Pac. Rep. 1070), the lien must fail. If there is such a commingling there is no doubt of the correctness of appellant's contention. But is this a case for the application of the law invoked? It is true there were two booms of logs, and that more than thirty days had elapsed since the labor on the logs in one boom had been performed. But there is nothing in the statutes making a division of the logs into booms, or recognizing booms in any way as affecting the interests of the laborers. These claimants were not employed to work on any particular boom, as men are employed to work on a particular house or structure. Generally men are employed in logging camps to work by the month or by the season. Booms may be large or small. One might be prepared every month, or every week, or possibly every day. The statute provides that the claimant shall have thirty days to file his notice of lien —from when? Not thirty days from the time the boom is completed, but from the time the services rendered in securing the logs ends. We have no doubt that some inconvenience may arise from this construction of the law, but any other construction will render the logger's lien practically inoperative, and logically force him to keep a surveillance over every particular log which he cuts, and be at the expense of filing a lien every thirty days. The division of logs into booms is purely arbitrary, and such division, in the absence of any law providing for it, should not affect or restrict the claimant's right of lien.

So far as the jurisdictional question is concerned, we have only to say that our statute makes no provision for seizure, as do the statutes of most of the other states, but the statute provides a method of foreclosure, and obviates

the necessity of an attachment. It cannot be concluded from the analogies of our statutes on the respective foreclosures of chattel mortgages and of loggers' liens, that the latter ought to be foreclosed in the same manner. There is a special rule in § 1689, Gen. Stat., for the enforcement of loggers' liens, which provides that they shall be enforced in any of the superior courts of the state. In the case of chattel mortgages, if the property is removed from the county where it was when the mortgage was given, the mortgage must be filed in the county to which the property was removed before it becomes a lien in that county. But the law makes no such provision in the case of loggers' liens, but simply provides that the lien must be filed in the county where such logs were cut. In this case the action was brought in the county where the logs were cut, where the lien was filed, and where the owner of the logs resided, and we think it was properly brought there.

Believing that no prejudicial error has been committed in the case, but that substantial justice has been done, the judgment will be affirmed.

ANDERS and SCOTT, JJ., concur.

HOYT, J. (*dissenting*) — I think the judgment in this case should be reversed, for the reason that the superior court of Island county had no jurisdiction of the subject matter of the action. The provision as to jurisdiction of the superior courts in the lien law itself is simply a declaration that litigation under said law is cognizable in courts of that grade instead of those of any other. It cannot be held that by such provision it was intended that such actions might be brought in any superior court of the state regardless of all other statutory provisions as to jurisdiction. It could never have been intended that the superior court of Walla Walla county could take jurisdiction in cases of this kind, when all of the parties to, and the sub-

ject matter of, the suit were located in the county of Pierce. Such being the case, we must look to the general provisions of the statute to determine as to what court has jurisdiction in any particular case. Such actions, in my opinion, necessarily involve the right to the possession of, or title to, specific personal property, and under the express provision of § 158, Code Proc., must be commenced in the county in which the property, or some part thereof, is situated. And if not governed by said section they must be controlled by the rule which obtains as to the foreclosure of chattel mortgages, under which rule the action must likewise be commenced in the county where the property, or some part thereof, is situated.

I do not see how the construction of these statutes as to jurisdiction is in any way affected by the fact that, in order to retain the lien in the case of a chattel mortgage, the mortgagor must, upon the removal of the property from the county in which the mortgage is recorded, either enforce such mortgage by foreclosure or else have his mortgage again recorded in the county to which such property has been taken, while it is not necessary so to do in the case of liens under said statute. These provisions, to my mind, have no influence whatever upon the interpretation of the statute, which in terms provides that the action must be brought in the particular county in which the property is situated, regardless of any question as to where the notice of lien which is to be enforced is of record. The statute makes the location of the property the basis of jurisdiction, and not the place where evidence of the lien may be found.          •

There are other points raised in the brief of appellant; some of which, in my opinion, are well taken, but it is not necessary to discuss them here.

Stiles, J., concurs.