[No. 1271. Decided June 30, 1894.]

FABIEN S. POTVIN, *Appellant*, v. THE DENNY HOTEL COMPANY, *Respondent*.

THE CORNELL UNIVERSITY, *Respondent*, v. THE DENNY HOTEL COMPANY *et al.*, *Defendants*, FABIEN S. POTVIN *et al.*, *Appellants*. ( Consolidated cases.)

MECHANICS' LIENS — ASSIGNMENT OF CLAIM — EFFECT UPON LIEN — STIPULATION AS TO PRIORITIES.

The assignment by a contractor engaged in the construction of a building of his claim against the owners thereof, will not deprive him of the right to claim a lien upon the premises, when such assignment has been given merely as security for indebtedness to the assignee.

In a suit to enforce a material man's lien against certain premises, several claimants were decreed as having co-ordinate rights of lien subject to a certain mortgage. In a subsequent suit to foreclose the mortgage, one of the lien claimants, whose rights had been adjudicated in the former suit, introduced in evidence a stipulation between itself and the mortgagee showing that such claimant's lien was entitled to priority. *Held*, That the amount of such claim would be deducted from the sum due under the mortgage and placed on the same footing with regard to priority of payment as the other lien claims, and the mortgagee subrogated to the rights of the claimant holding the stipulation.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman, J. J. Easley, Wiley & Bostwick, Wilshire & de Steiguer,* and *Blaine & De Vries,* for appellants:

The giving and acceptance of the order was nothing more than the pledge of a chose in action, and Potvin retained an interest. *Hughes v. Johnson,* 38 Ark. 285. Potvin was still the real owner of the claim and Dexter Horton & Co., if they had any title at all, had only a special interest. *Union Trust Co. v Rigdon,* 93 Ill. 458; *Curtiss v. Æetna*

*Life Ins. Co.*, 27 Pac. 211; *Wheeler v. Newbould*, 16 N. Y. 398.    In any view of the case Potvin still had a valid and substantial interest in the claim.    This interest he was entitled to protect by a lien. *German Bank v. Schloth*, 59 Iowa, 316; *Hawley v. Warde*, 4 G. Greene, 36; *Edwards v. Derrickson*, 28 N. J. Law, 39; *Bayard v. McGraw*, 1 Ill. App. 134; *Friedman v. Roderick*, 20 Ill. App. 622; *Graham v. Holt*, 4 B. Mon. 61; *Finch v. Redding*, 4 B. Mon. 87.    The same thing has been decided in case of a logger's lien.  71 Me. 113.

An assignment in fact intended for collateral security, whether absolute in form or not, is not such an assignment as avoids the lien. *Carlton v. Buckner*, 28 Ark. 66; *Chapman v. Liggett*, 41 Ark. 292; *Hallock v. Smith*, 3 Barb. 267; *White v. Williams*, 1 Paige, 506; *Plowman v. Riddle*, 14 Ala. 169; *Cate v. Cate*, 9 S. W. 231.

*Cole, Reed & Dawes*, for respondent Cornell University:

The principle that a party assigning a mechanic's lien as collateral security for a debt cannot bring action to foreclose the lien until he has first got his claim back into his hands and released the owner from liability to a third party, is well settled.    *Palmer v. Uncas Mining Co.*, 11 Pac. 666; 2 Jones, Liens, §§ 1509, 1532, and cases cited in note 3, p. 415; *Teaz v. Chrystie*, 2 Abb. Pr. 114; *Morrison v. Steamboat Laura*, 40 Mo. 260; *Cox v. Colles*, 17 Ill. App. 503; *Clement v. Newton*, 78 Ill. 427; *Skyrme v. Occidental, etc., Co.*, 8 Nev. 219.

*Burke, Shepard & Woods*, for respondent Denny Hotel Company; *Weistling & Weistling*, for respondent Seattle Hardware Company.

The opinion of the court was delivered by

Scott, J.—On July 2, 1889, the Denny Hotel Company, a corporation organized and existing under the laws of this

state, entered into a contract with Fabien S. Potvin for
the construction of a hotel building on certain real es-
tate owned by said company in the city of Seattle.    Said
contract provided that for the erection of said building the
contractor should receive the sum of $196,000, to be paid
in installments of sixty per cent. upon the amount of the
estimate made by the architects at certain stated periods
in the progress of the erection of the building.    The con-
tract also provided for further compensation for extra labor
and materials which might be rendered necessary by
changes in the original plans and specifications.

During the pendency of the work a controversy arose
between the hotel company and Potvin, and it is claimed
that the hotel company refused to make any further pay-
ments upon the work, or allow Potvin to proceed there-
with; whereby he was compelled to abandon it before the
building was fully completed.    Within the same time Pot-
vin gave to Dexter Horton & Co., a corporation engaged
in the banking business at Seattle, the following order:

"SEATTLE, February 19, 1890.
" *To the Denny Hotel Company of Seattle:*
"Please pay to Dexter Horton & Co., bankers, whatever
sums of money or payments that may hereafter be due to
me from time to time upon my contract with the Denny
Hotel Company of Seattle for the construction of what is
known as the Denny Hotel, upon blocks 46 and 50, A. A.
Denny's addition to the town (now city) of Seattle, and
charge such payments to my account; and you are hereby
authorized and requested to make such payments to Dexter
Horton & Co. and charge the same to my account upon
the contract aforesaid.                    F. S. POTVIN."

The Denny Hotel Company accepted this order in writ-
ing as follows:

"The Denny Hotel Company of Seattle hereby accepts
the foregoing order, subject to all the conditions and limi-
tations of the contract of the Denny Hotel Company of
Seattle with said F. S. Potvin, and upon the further ex-

press condition that in thus accepting this order they in no manner relinquish or release the said Potvin from the obligations of said contract and in no manner vary or affect said contract.

THE DENNY HOTEL COMPANY OF SEATTLE,
By THOMAS BURKE, Vice President.
By J. D. LOWMAN. Secretary."

On April 2, 1891, and within the statutory time after Potvin had ceased work upon the building, he filed for record in the office of the auditor of King county a notice of lien, claiming there was due him on said contract the sum of $166,000. This included a claim for $52,000 for extras. He brought an action to foreclose said lien, making the Cornell University and the other defendants parties to the action.

The Cornell University, a corporation organized and existing under the laws of the State of New York, had in December, 1889, made a loan to the hotel company of the sum of $100,000, taking its promissory notes therefor secured by a mortgage on the real estate upon which the hotel was being erected; and thereafter brought an action to foreclose the mortgage, making Potvin a party defendant thereto. The other defendants in said action, except Dexter Horton & Co., were subcontractors, materialmen, laborers, etc., who had filed lien notices against the property. These actions were thereafter consolidated. Dexter Horton & Co., on motion of Potvin, were made parties defendant.

The Cornell University and the Denny Hotel Company answered Potvin's complaint, setting out the foregoing order and acceptance, and claimed thereby that Potvin had waived and released his right to a lien. Dexter Horton & Co. answered, setting up that this order was given as collateral security for the payment by Potvin to them of such sums as had been and were to be advanced by them to Potvin during the progress of the building; and that such

sums as were paid on said order were put to the credit of Potvin in their bank, and he was allowed to check against the same, the order being held as collateral security therefor. Potvin, however, by way of reply, set up that this order was not intended as an assignment to Dexter Horton & Co. of the amount due him from the Denny Hotel Company; that he was indebted to Dexter Horton & Co. in a considerable sum, and they, desiring to have a check upon his expenditures, required him to give said order so that all moneys received by him on his contract should pass through the bank, and that thus they might be informed as to his receipts and expenditures.

The cases as consolidated came on for trial and the hotel company and the Cornell University moved to dismiss Potvin's complaint in the suit brought by him and his cross-complaint in the suit brought by the Cornell University, on the ground that the facts stated in the answer of Dexter Horton & Co. and in the reply of Potvin showed that Potvin had waived and released his claim of lien against the premises in question. This motion was granted, and Potvin and Dexter Horton & Co. appealed therefrom.

In a former action commenced in said court the lien claim of Huttig Brothers Manufacturing Company was established. To this action the Seattle Hardware Company was made a party, as well as various other claimants. The court determined the priority of all parties to the action and decreed that the claims of Huttig Brothers Manufacturing Company and the Seattle Hardware Company were co-ordinate; but they were both subject and subsequent to the mortgage lien of the Cornell University. On an appeal to this court said decree was affirmed. 6 Wash. 122 (32 Pac. 1073). These liens were set up in the present action. Upon the trial of the case the Seattle Hardware Company introduced in evidence a stipulation between it and the Cornell University by which it was agreed that

said Hardware Company was entitled to and might be awarded priority over the Cornell University. Huttig Brothers Manufacturing Company objected to the introduction of said stipulation. Subsequently the Seattle Hardware Company was permitted, against the objection of Huttig Brothers Manufacturing Company, to introduce proof that the materials upon which its claim had been decreed were furnished prior to the time that the mortgage was executed to the Cornell University. Upon this stipulation and testimony the court awarded priority to the Seattle Hardware Company over the claim of the Cornell University and the lien claim of Huttig Brothers Manufacturing Company, from which said last company appealed. In the original suit of the Seattle Hardware Company in which its lien was established, the Cornell University was not made a party.

It is contended by the respondents that the order aforesaid, given by Potvin to Dexter Horton & Co., was an assignment of his claim and operated to defeat the right to a lien, regardless of whether it was given as security or otherwise; and in support thereof the case of *Dexter Horton & Co. v. Sparkman*, 2 Wash. 165 (25 Pac. 1070), is cited, but we are unable to see wherein it is applicable. In that action there was an absolute assignment of the demand, and the assignee undertook to claim and maintain a laborer's lien thereon, no notice or claim therefor having been filed by the assignor who performed the labor. Here an entirely different question is presented. We are satisfied that the order in question was in effect an equitable assignment of the claim (3 Pom. Eq. Jur., § 1283); and it is immaterial for the purposes of this case whether the same was given for the purpose alleged by Dexter Horton & Co. or as claimed by Potvin, for under either theory it was merely given as security. We know of no reason why the right to a lien in such case should be held to be defeated. At the

21—9 WASH.

time the order was given, the claim had not been perfected so that a lien could then be claimed, and to hold that the same could not be assigned for the purposes of security without losing the right to a lien would be to deprive the contractor of the benefit of the demand to that extent. Its value as a security would be depreciated if the right to a lien became lost thereby; and it would force the alternative upon the contractor of withholding it and not using it for any such purpose, or of losing his right to a lien in case he did so use it. Although this order operated as an assignment, Potvin was still interested in enforcing the claim, for his original liability to Dexter Horton & Co. was not extinguished by the giving of the order. If the amount called for was paid, then his indebtedness to them was discharged to that extent; but if not paid, he was liable for the full amount. Clearly he should be allowed to protect, preserve and enforce the security, even though Dexter Horton & Co. are entitled to receive the money and apply it upon his indebtedness.

As to the further question raised by the appeal of Huttig Brothers Manufacturing Company, we think the decree was erroneous. The priorities of these claims were directly involved in the former suit, and the fact that the Seattle Hardware Company did not in said action undertake to avail itself of its right to a priority and introduce its proof which it introduced in this action, does not alter the situation, for it ought to have done so then if it intended to assert and insist upon any such right.

The Cornell University claims that if this view is adopted the stipulation should be set aside. But we do not so view it. It is immaterial to it whether the amount it has stipulated should be adjudged prior to its claim is paid to the Seattle Hardware Company, or is apportioned to said company and the other claimants. The result is the same to the Cornell University. Consequently we are of the opin-

ion that the stipulation should be given force to the extent of awarding priority to the lien claimants aforesaid to the extent of the sum stipulated, but that the same should be apportioned between the Seattle Hardware Company and the other lien claimants in proportion to their respective claims as established in said former actions.

Reversed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., not sitting.

OPINION ON RE-HEARING.

SCOTT, J.— This cause is before us for a re-hearing upon the petition of the Seattle Hardware Company, asking that the judgment heretofore rendered in this court be modified so as to award its claim priority over the Cornell University's mortgage, according to a stipulation which had been entered into between said parties.

In considering this matter before, we held that, as the decree rendered in the former action had settled the priorities of the various lien claimants, and established them upon an equal footing, it was incompetent for the university and the Seattle Hardware Company to stipulate that said claim should be entitled to priority over the others. We are still of the opinion that this could not be done to the prejudice of the other lien claimants. But we also think, upon further considering the matter, that the effect intended should be given to the stipulation; and notwithstanding the fact that the priorities of these claims had been settled by the decree aforesaid, the Cornell University, if it saw fit, could have paid off any one or more of them and have taken an assignment thereof, and have been substituted to the rights of the assignor. As said company thereafter stipulated that the claim of the Seattle Hardware Company was entitled to priority over its mortgage claim, we are inclined to think that the matter should be

regarded as upon the same footing as if it had paid or purchased the claim directly.

We do not find the stipulation in question in the files of this court, but it is conceded by all parties that one was entered into, and the matter has been submitted as though it were before us. We are not entirely certain as to what the terms of the stipulation were; whether said Seattle Hardware Company's claim was to be paid in full, or whether provision was made for priority to the extent of a certain specified amount; therefore, in modifying the judgment heretofore rendered, we shall make the following order, viz.:

That the Seattle Hardware Company is entitled to have its claim paid to the extent of the amount stipulated, prior to any payment to the Cornell University on account of its mortgage claim; and that the amount of such payment shall be deducted from the mortgage claim of the university, and placed upon the same footing with regard to priority of payment as the claims of Huttig Brothers Manufacturing Company and the other lien claimants; and that the Cornell University, to the extent of such payment, shall be substituted to the rights of the Seattle Hardware Company as originally established.

In this way effect is given to the stipulation according to the intent of the parties, and the rights of none of the other lien claimants are in any wise prejudiced.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., not sitting.