[No. 2808.   Decided November 1, 1898 ]

L. K. CROSS *et al., Respondents,* v. M. DORE *et al., Defendants,* BRYANT LUMBER AND SHINGLE COMPANY, *Appellant.*

LOGGING LIEN — WHO ENTITLED TO.

Under Laws 1895, p. 175 (Bal. Code, § 5930), giving a lien to every person performing labor upon, or who assists in obtaining or securing, saw logs, persons employed under an agree· ment that they should stand ready to perform work in a logging camp when called upon, being changed and alternated in order that each person might be given a like amount of work, but each and all performing work in securing logs during each month from time of employment until they ceaseu work upon said logs, are entitled to liens upon all the logs obtained, since the work of each was performed under one continuous contract.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Affirmed.

*Alex. R. Jones,* for appellant.

*William Martin, Hastings & Stedman,* and *George H. Funk,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Action to foreclose loggers' liens on about 400,000 feet of saw logs cut at or near Derby, in King

county, Washington, at a loggers' camp operated by Dore & Faulls. About 300,000 feet were driven down the river to Lake Washington, about ten miles from the camp, and boomed about December 1, 1896. About the 26th of December, Dore & Faulls mortgaged this boom to John Campbell, and the mortgage was recorded on the same day. January 5, 1897, Dore & Faulls gave a second mortgage on the same boom of logs to the Seattle National Bank, and the mortgage was recorded on the next day. On January 5, 1897, Dore, for value, sold his interest in this boom to Faulls, and executed a bill of sale therefor, which was recorded the next day. January 26, 1897, Faulls sold about 200,000 feet of the logs in this boom to Barto, executing a bill of sale therefor, which was recorded the next day. Barto had the logs towed about fifteen miles further down the lake to the mouth of the canal connecting Lake Washington with Lake Union, and on the 2d day of February, 1897, sold the same to appellant, Bryant Lumber & Shingle Company. On February, 5, 1897, all the respondents except Louis Krauskoff filed liens upon the logs bought by appellant and which were in its possession, and also upon other logs which were in the possession of Dore & Faulls, and on the same day began suit in the superior court of King county to foreclose their liens.

We have examined the errors assigned upon the proceedings in foreclosure, and the various amendments to the pleadings by the respondents, and, under the liberal rule of procedure declared by the statute in such foreclosures, do not find that the superior court erred in its rulings with reference to the settlement of the pleadings in the case.

The superior court found that the respondents each resided near the place where the logging camp was operated by Dore & Faulls as co-partners, and were employed by them with the agreement that they should stand ready to

perform work in the camp at such times as they were called upon by Dore & Faulls to do so, and at such times as their services were needed in obtaining and securing logs, at the rates and prices stated; that at certain times it was necessary to have more men assisting in obtaining and securing said logs and placing them in the water, than at other times during the different stages of preparation of said logs for the market, and that the men were changed and alternated in order that each might be given a like amount of work in said camp, and that all of the work performed by each of the respondents for the defendants was performed under one continuous contract between each of the respondents and defendants Dore & Faulls, and that each of the respondents performed work upon about 400,000 feet of saw logs which were owned by the defendants Dore & Faulls, co-partners, and marked "W" on the end of each log, and each of the respondents performed work in assisting in obtaining and securing logs in their camp at times during each month from the time he began until he ceased work upon said logs; that each of the respondents except Louis Krauskoff ceased to perform work upon said logs on the 4th day of February, 1897, and that Dore & Faulls were the reputed owners of the logs on the fifth day of February, 1897; and, after defining the places where the logs were during different periods of time, that no part of the purchase money for the logs purchased by the Bryant Lumber & Shingle Company was applied to the payment of *bona fide* claims of lienors upon the logs. There is some controversy about the weight of testimony upon this finding, but, under the views frequently stated by this court, upon the examination of the evidence we are not disposed to disturb the findings of the superior court; and we think this case falls within the rule announced in *Overbeck v. Calligan,* 6 Wash. 342 (33 Pac. 825). This seems to be a correct construction of the lien law found

in the act approved March 19, 1895 (Laws 1895, p. 175, Bal. Code, § 5930).

The judgment of the superior court is therefore affirmed.

ANDERS, GORDON and DUNBAR, JJ., concur.