[No 1485. Decided November 10, 1894.]

WALTER DUGGAN ET AL., *Respondents, v.* THE WASHOUGAL LAND AND LOGGING COMPANY, *Appellant.*

LOGS AND LOGGING—CLAIM OF LIEN—VERIFICATION BEFORE FOREIGN NOTARY—WHAT SERVICES LIENABLE—CONFUSION OF LIENABLE WITH NON-LIENABLE ITEMS.

The verification of a lien claim before a foreign notary, whose certificate is attested by his notarial seal, is sufficient to authorize the record of the instrument in the proper county in this state.

Where a person engaged in cutting, driving, and booming saw logs, has been employed for the work by one corporation, his right of lien cannot be defeated on the ground that he had been working for three different corporations engaged respectively in logging, driving logs and booming logs, when he has no knowledge of any of the corporations other than the one first employing him, and the three corporations had in fact the same officers, same manager, and same place of business.

The labor of blasting rocks along a river bed in order to make a passage for logs in getting them from the woods to the place of booming is lienable, under Gen. Stat. § 1679.

Laborers are not entitled to a logger's lien for work performed in opening a public road, although employed in such labor by the logging company in order to make the road practicable for teams in hauling supplies for the logging camp.

Although a loggers' lien may be claimed for both lienable and non lienable items the lien will not fail, in the absence of an apparent intention to perpetrate a fraud, if there is no confusion of claims on the

face of the lien notice, and the evidence segregates the two classes of claims.

*Appeal from Superior Court, Skamania County.*

*N. H. Bloomfield*, for appellant.

*Miller & Stapleton* and *T. H. Ward*, for respondents.

The opinion of the court was delivered by

STILES, J.—The objection to the verification of the lien notices is overruled. It was made in the state of Oregon, before a notary public who certifies the jurat with his official seal. It is true that the propriety of admitting affidavits taken before notaries in a foreign jurisdiction has been denied by courts whose decisions are entitled to great weight, on the ground that while the authority of notaries to certify protests of commercial paper, etc., is found in the common law, their right to administer oaths, springs entirely from statute. *Johnson v. McGhee*, 1 Ala. 186 ; *Keefer v. Mason*, 36 Ill. 406 ; *Hall v. Hall*, 76 N. C. 113. But, on the other hand, courts of equal weight hold that by reason of the now universal custom in this country and England, to permit these officers to take and certify affidavits, the same verity should be accorded to a jurat attested by a notarial seal as is given to a certificate in a matter pertaining to the law merchant. *Pinkham v. Cockell*, 77 Mich. 265 (43 N. W. 921); *Conolly v. Riley*, 25 Md. 402 ; *Stephens v. Williams*, 46 Iowa 540 ; *Silver v. Kansas City, etc., R. R. Co.*, 21 Mo. App. 5 ; *Wood v. St. Paul, etc., R. R. Co.*, 42 Minn. 411 (44 N. W. 308). The last named case contains a satisfactory statement of the reasons for the modern doctrine. In *Harris v. Barber*, 129 U. S. 366 (9 Sup. Ct. 314), the federal supreme court seems to have assented to the same proposition.

It seems difficult to discern any good reason for denying the sufficiency of an affidavit which is intended to furnish the basis of the record of a lien notice, because the verification is made before a foreign notary, when by our statute (Gen. Stat. § 1432), the certificate of the same officer to an

acknowledgment of a deed is expressly recognized, and authorizes the record of the instrument.

The next point made is that the work of the respondents was divided up into three parts, each of which was performed at the charge of a separate corporation, viz., the appellant, which carried on the logging camp and put the logs into the river ; a second corporation which was engaged in driving logs on the river, and a third corporation which boomed logs at the mouth of the river. The three corporations had the same general officers, the same manager, and the same place of business in the city of Portland. The respondents, as the court below found, had no knowledge of any but the appellant corporation, and they merely followed the logs along in their progress from the woods down the Washougal to the Columbia river. The statute would undoubtedly cover all the labor done on the river and at the boom, if performed at the instance of the owner of the logs, and we are not disposed, under the circumstances, to disturb the findings of the trial court upon the issue as to the several corporations. The very intimate relations which seem to exist between the three bodies corporate will probably enable them to adjust the proper proportion of this judgment with much more ease and with far less expense than would attend the filing and prosecution of a triple set of liens upon these logs.

Some of the labor along the river is objected to as non-lienable, because it consisted in blasting rocks; but it seems that work of this kind was done in order to make a passage for the logs, which was similar to the road-making in *Proulx v. Stetson & Post Mill Co.*, 6 Wash. 478 (33 Pac. 1067).

There is one item of the respondens' claims, however, which is justly subject to criticism, and should not have been allowed. The county commissioners laid out a road, from some point not named, to appellant's logging camp, and appellant employed respondents for a number of days in opening this road in order to make it practicable for teams in hauling supplies for the camp. No logs were hauled over this road, and it was not intended to be used for that

purpose. We think we went as far as we should in the direction of sustaining liens for road-building in the Proulx case, *supra*. At least, in a case like this, where the road made was a public road, the service would be too remote. This holding requires the deduction of $97.50 from Duggan's claim and $45.00 from Wantlan's. But subsequent to the filing of Duggan's claim he was paid $40.00 by appellant, and he should be allowed to credit that sum to the unsecured portion of his demand, leaving the net deduction of $57.50 to be made from his lien.

Because of these non-lienable items appellant claims that the whole of the liens should fail, under the rule announced in *Dexter Horton & Co. v. Sparkman*, 2 Wash. 165 (25 Pac. 1070). But, in that case, there was on the face of the liens and in the evidence a confusion of lienable and non-lienable items, while here no confusion appears on the face of the liens, and the evidence segregates the non-lienable completely. There was no apparent intention to perpetrate a fraud, and the ruling in the Proulx case left it doubtful whether work on this road might not be lienable as labor in obtaining or securing logs.

The judgment will be reversed and the cause remanded for the entry of a new judgment in accordance with this opinion. The costs of this appeal will be apportioned against the respondents in proportion to their claims as finally adjudged.

HOYT, SCOTT and ANDERS, JJ., concur.