[No. 1613. Decided February 14, 1895.]

THEODORE F. PETERMAN, *Respondent*, v. THE MILWAU-
KEE BREWING COMPANY, *Appellant*, S. A. BARSTOW
*et al., Respondents.*

MECHANICS' LIENS — CLAIM — INCLUDING IMPROPER CHARGE — IDENTITY
OF STRUCTURE.

The inclusion in a claim of lien of a charge for a door which was
not furnished by the claimant will not vitiate his lien, when it ap-
pears that under his contract he was to furnish the door for which
the overcharge was made, but by agreement with the contractor it
was afterward procured elsewhere, and had been included in the
claim under a mistake of judgment, without any intent to perpetrate
a fraud.

In an action to enforce a lien for materials used in the construc-
tion of a refrigerating machine building and boiler house, there is no
variance on the ground that the proofs show two buildings instead
of one, when it appears that, in addition to the refrigerating machine
building, an old boiler house on the grounds was overhauled, almost
rebuilt, and so connected with the other building as to make sub-
stantially one.

*Appeal from Superior Court, Pierce County.*

*John A. Shackleford,* for appellant.

*Fenley Bryan,* and *D. F. Murry,* for respondent Peter-
man:

That an overcharge not made with fraudulent intent
will not vitiate a lien, and that such overcharge may
be the result of mistake, either of fact or law, is estab-
lished by the following authorities, and this is especially
true where the item complained of is easily segregated,
and where no one has been injured: *Allen v. Frumet,
etc., Co.,* 73 Mo. 688; *Johnson v. Barnes,* 23 Mo. App.
546; *Hubbard v. Brown,* 8 Allen, 590; *Bank of Charleston
v. Curtiss,* 18 Conn. 342 (46 Am. Dec. 325); *Harmon v.*

*San Francisco, etc., R. R. Co.,* 22 Pac. 407; *Nolan v. Lovelock,* 1 Mont. 224; 15 Am. & Eng. Enc. Law, 143; Phillips, Mech. Liens, p. 585.

The opinion of the court was delivered by

DUNBAR, J.—This was an action for the foreclosure of a mechanic's lien for materials used in the construction and completion of a one story refrigerating machine building and boiler house. The defendant Barstow is the contractor, and the Milwaukee Brewing Co., the appellant, is the owner of the property. Peterman, the respondent, is the lien claimant. A decree was entered enforcing the lien upon the lots upon which the building stood for the value of the materials furnished, and a personal judgment was given against the contractor, Barstow.

The contention of the appellant is that the lien notice does not correctly state the amount of plaintiff's demand; that the evidence shows that the excess stated was not by mistake or inadvertence; that the over statement was intentional and fraudulent; and that by reason of said fraud the whole lien is invalid. This contention is based upon the fact that a door valued at $3.00 was incorporated in the lien claim which it eventuated in the testimony was not used in the building, or furnished by the lien claimant.

The law is well established that if there is an attempt to perpetrate a fraud in the filing of a lien claim, it will invalidate the lien; but we are not satisfied from the whole record in this case that such an attempt was made by the respondent. It is true the door above mentioned was not furnished, and was probably not an item which should have been properly included in the lien statement; but the testimony shows to our minds that it was only a mistake in judg-

ment on the part of the respondent as to what his legal rights were, and at most that he was in doubt as to the legal standing of this item.

It appears that the door was included in the material which the claimant was, under the written contract with the contractor, to furnish for the building; but that before it was furnished the contractor had seen a door somewhere else that he thought would just suit the place which this door was to occupy, and had asked the respondent to allow him to obtain this door elsewhere, viz., from Paulson's furnishing house. The door furnished from Paulson's was substituted for the one to be furnished by the respondent, and went into the building, and the owner of the building received the benefit of it without any expense or extra charge to him, and he was in no way damaged by the fact that one particular door was substituted for another. The respondent having made a contract for the furnishing of the door, it was natural for him to conclude that it was a furnishing of the door by him even though he obtained the same elsewhere. But if it were not, we are satisfied that there was no intention to perpetrate a fraud upon the appellant, and that was the view taken by the judge who tried the case, who saw the witness upon the stand, his manner of testifying, etc., and who simply concluded from all the facts in the case that justice would be best subserved by deducting the value of the door, viz., $3.00, from the claimant's bill, and giving judgment for the balance. Even by this ruling the appellant is relieved from paying the value of the door, when it received the benefit of it, or of one substituted for it, and is to that extent a gainer by the transaction which it is objecting to. Under the circumstances we think we would not be justified in declaring this lien invalid for this mistake.

As to the second proposition, that the lien claim is for materials used in the construction and completion of a one story refrigerating machine building and boiler house, and that the proofs show there were two buildings instead of one, we have to say that in our judgment the proofs show that the buildings were substantially one; that, while there was an old boiler house on the grounds, it was overhauled and rebuilt substantially, and substantially connected with the refrigerating machine building, so that in this respect we think there was no chance for any mistake as to the identity of the structures in the lien notice or the complaint. This also answers the third proposition raised by appellant.

The fourth contention, that the burden was upon the plaintiff to show that the structure described was upon the lots described, and to show that all such lots were necessary for the convenient use and occupation of the structure, we think is fully answered by the testimony in the case. The fifth and sixth assignments of errors we think equally without foundation.

The judgment will, therefore, in all things be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.