LESTER PALMER, Appellee, v. JOHN W. McGINNESS AND OTHERS, Appellants.

**Mechanic's lien:** STATEMENT: OFFER OF SETTLEMENT. Neither the inclusion in the statement for a mechanic's lien of an item not due, no bad faith being shown, nor a refusal to accept an offer of settlement for more than subsequently recovered, will invalidate the lien for the amount properly included.

**Apportionment of costs.** Where plaintiff brought suit to enforce a mechanic's lien for separate items, one on contract and the other for extra work, and the only issues litigated were the claim for extra work and defendant's counterclaim on account of unfinished work under the contract, a proper case for apportionment of costs was presented.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

MONDAY, MARCH 13, 1905.

SUIT in equity to foreclose a mechanic's lien. Decree for plaintiff, and defendants appeal.— *Modified* and *affirmed.*

*H. E. Porter,* for appellants.

*Baker & Ball,* for appellee.

WEAVER, J.— The defendant McGinness is a builder, and, having the contract for the erection of a dwelling house for one Kelso, he sublet the painting to the plaintiff for the agreed price of $67. On the claim that this agreed price, with the additional sum of $12 for extra work, was due to him from the principal contractor, plaintiff filed a lien upon the property and brought this action for a foreclosure. The defendant McGinness admits the contract, but denies that plaintiff fully completed the work according to the agreement, and denies the claim for extra work. It is also claimed that, by his refusal to complete the job according to agreement, and by his wrongful assertion of a lien for claims not justly due, plaintiff is not entitled to equitable relief. The owner, Kelso, sets up substantially the same defense. The trial court gave plaintiff a decree foreclosing the lien for $61.50, and apportioned the costs by taxing $20 thereof to the defendants generally, and the remainder of the costs to the defendant McGinness personally. Just how the court arrived at the amount due plaintiff is not expressly stated, but it would seem that the plaintiff's claim for extra work was disallowed, and that a deduction was made from the contract price because of plaintiff's failure to finish certain parts of the work as required by the contract.

It appears without substantial dispute that, when the work was nearly completed plaintiff put forward a claim that the building was of greater dimensions than was contem-

plated when he took the contract to paint it, and for this, and one or two other items charged as extras, he demanded $12, or a total of $79 for the entire job. After some dispute with the contractor in the presence of the owner, the former, while denying the claim for extras, offered to allow plaintiff $75 in full, and the owner then offered to make her check to plaintiff for that sum. This offer was refused; plaintiff announcing that he was "like his father, and would have all or none." Thereupon the proceedings to acquire and enforce a lien were initiated. The costs which have accrued over this dispute, involving a net difference of $4, are more than three times the entire contract price of the work. It is our duty to give the case careful consideration, notwithstanding its trifling character, but we shall not magnify its importance by any discussion of the testimony. It is enough to say that the sum assessed by the trial court fairly represents the amount plaintiff was entitled to recover. We have then only to inquire whether there is any reason for denying plaintiff the benefit of his lien, and whether there was any error in the taxation of costs.

It is claimed that by wrongfully including in his statement for a lien the item of $12 for extra work, and by his failure to entirely finish the job, plaintiff has forfeited the right to equitable relief. The statute requires the statement for a lien to be "just and true," but we think that, in the absence of any showing of bad faith it should not be held that the mere inclusion in the statement of one or more items for which no lien can be had operates to invalidate an otherwise enforceable lien. The record is not sufficient to justify us in saying that plaintiff acted in bad faith in making his statement for a lien, and we see no reason for denying him the benefit of it, to the extent of the sum actually his due. The most that can be said in criticism of his conduct is that he was obstinate and unreasonable, but, if this were a sufficient reason for denying relief to a litigant, neither of these parties would

1. Mechanic's lien: statement; offer of settlement.

have any standing in court. Neither do we think the right to a lien is forfeited or lost because, in an attempted settlement, plaintiff refused to accept an offer of more than he subsequently recovered. No tender is pleaded, and we need not consider what might have been the rights of the parties, had such issue been presented.

Concerning the question of costs, if we understand the record, the trial court concluded that the failure of plaintiff to make good his claim for extra work, and his failure to
**2. Apportion-**
**ment of**
**costs.**
fully complete the work called for by his contract, were not circumstances calling for an apportionment of the costs between him and defendant. In this we think there was error. The plaintiff brought suit to collect two distinct and separate claims — one upon a contract, and the other upon a *quantum meruit* for extra work. The sole question of fact litigated was the issue upon the plaintiff's claim for extra work, and the counterclaim of the defendant for deduction from the contract price on account of unfinished work. On both of these isues the court found against the plaintiff. We hold that this brings the case fairly within the effect of Code, sections 3853, 3854, providing for an apportionment of costs.

The taxation of costs made by the district court will therefore be modified by assessing to the plaintiff one-half of the costs there taxed to the defendant McGinness. The costs of this court will be taxed one-half to the appellee and one-half to McGinness.— *Modified* and *affirmed.*