# WHICHER DEVELOPMENT CORPORATION

## *vs.*

## FRANK ROSS.

*Mechanic's Lien—Items in Account—sufficiency—Apportionment of Charges—Transportation of Workmen.*

That, in the accounts attached to the lien claim, some items for materials failed to state the quantities, did not affect the validity of such items, they mentioning the prices paid and the persons from whom the materials were purchased, and thus enabling the defendant to ascertain their correctness.    p. 524

That the accounts attached to the lien claim were imperfect as regards particular items would not justify the quashing of the writ of *scire facias* issued to enforce the lien, thereby defeating the whole claim.    p. 524

That the claim includes some items not within the purview of the mechanics' lien law is not ground for the defeat of the whole claim.    p. 524

A lien claim, valid in part, should not be wholly barred because partially invalid as a result of honest error.    p. 524

The failure properly to apportion the lien claim as between two buildings does not invalidate the claim, but merely postpones it to other lien creditors.    p. 525

The expense of transporting workmen to and from the place of work, being properly involved in their employment and so paid virtually as part of their compensation, *held* to be a valid charge under a contract by which the claimant was to be paid the cost of labor and material plus a named percentage. p. 525

*Decided January 18th, 1923.*

Appeal from the Circuit Court for Queen Anne's County, (ADKINS, C. J., and WICKES, J.).

*Scire facias* proceeding by Frank Ross against the Whicher Development Corporation to enforce a mechanic's lien. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before Boyd, C. J., Thomas, Pattison, Urner, and Offutt, JJ.

*John C. North* and *J. H. C. Legg,* for the appellant.

*W. Mason Shehan* and *G. Elbert Marshall,* with whom were *Seth, Shehan & Marshall* on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

A mechanic's lien claim was filed by the appellee for a balance alleged to be due him, as contractor, for work and materials provided for the appellant in the remodeling of a cottage, and the construction of a pump house, on land owned by it in Talbot County. The total cost of the improvements made by the appellee was $10,383.05, but there were partial payments and other credits which left a balance of $2,765.60 as the amount claimed. A writ of *scire facias* to enforce the lien was applied for and issued. The main question raised by the record is whether a motion to quash the writ was rightfully overruled. The appeal is from a judgment in favor of the appellee for $2,875.61, being the amount of his claim with interest.

As stated in the motion to quash the writ of *scire facias,* the specific grounds upon which the right to enforce the mechanic's lien was thus challenged were that the statements of account annexed to the lien claim failed to sufficiently set forth the particulars of the work done and materials furnished, in regard to kind, amount and time, as required by statute, Code, art. 63, sec. 19.

There is no dispute as to the terms of the oral agreement by which the appellee's duties and rights were defined. It

was agreed that he should supply the labor and material for the improvements, and superintend the work, and should be paid the cost plus ten per cent. thereof for his reimbursement and full compensation. In the accounts attached to the lien claim, the payments made by the appellee for labor and material are listed in chronological order. In each instance the object of the payment is specified. The labor items show the nature and time of the service rendered, and the same details are given as to the materials furnished. In view of the special purpose and terms of the agreement between the parties, we think the accounts are sufficiently explicit. While some of the lumber items do not state quantities, they mention the prices paid and the persons from whom the lumber was purchased. With such information the appellant could readily ascertain whether these charges were correct. This is the object of the Code requirement which we have cited. *Rust* v. *Chisolm*, 57 Md. 382; *Brunt* v. *Farinholt Co.*, 121 Md. 135. But if we were prepared to hold that the accounts are imperfect as regards the particular items to which objection is made, we would not be justified, for that reason, in quashing the writ of *scire facias*, and in thus defeating the whole lien claim which is sought to be enforced. There are many items in the accounts to which no criticism has been directed and which are clearly sufficient according to the strictest view of the statutory provision on the subject. To the extent of those charges the lien claim was unquestionably valid. Upon the same ground the proceeding should be sustained as against the objection that the claim includes such items as automobile hire and workmen's compensation insurance which are said to be not within the purview of the mechanics' lien law. There is ample authority, if any is needed, for the proposition that a lien claim valid in part should not be wholly barred because it may be partially invalid as the result of honest error. 27 *Cyc.* 192; 18 *R. C. L.* 942; *Palmer* v. *McGinness*, 127 Iowa, 118; *Perkins* v. *Wilson*, 1 Marv. (Del.) 196; *Kittrell* v. *Hopkins*, 114 Mo. App.

431; *Title Guar. & T. Co.* v. *Wrenn,* 35 Or. 62; *Powell* v. *Nolan,* 27 Wash. 318.

Another objection urged against the lien claim is that it does not separately designate the amounts chargeable against the cottage and the adjacent pump house. The effect of the omission to make such an apportionment, if we assume that it was feasible and legally required, would not be to invalidate the claim, but merely to cause it to "be postponed to other lien creditors." Code, art. 63, sec. 21; *Fulton* v. *Parlett,* 104 Md. 69.

The record contains a bill of exceptions relating to rulings of the court below on the prayers offered at the trial. One of the questions thus raised was in reference to the allowance of charges for automobile hire and workmen's compensation insurance. By an instruction which it amended the court excluded any items of automobile hiring for the appellee's personal use and not for the necessary conveyance of mechanics to the place of work. The expense of transporting the workman was involved in their employment and was paid virtually as part of their compensation. The only prayer which sought to eliminate the single item of workmen's compensation insurance, amounting to $81.26, combined it with proper labor conveyance charges in such a way as to render the prayer unacceptable in the form in which it was presented. The question as to the propriety of the instructions granted and refused depends in a measure upon the evidence. While the record includes what purports to be a transcript of the testimony, it is not incorporated in a bill of exceptions or otherwise duly authenticated. But whether or not the prayers are considered in the light of the evidence informally reproduced in the record, we do not find in the rulings any reversible error.

*Judgment affirmed, with costs.*